**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARIA DEL REFUGIO VAZQUEZ,

    Plaintiff,

                                                    CASE NO.:  8:20-cv-01697

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

**DEFENDANT DOLLAR TREE STORES, INC.'s
<u>NOTICE OF REMOVAL</u>**

Defendant DOLLAR TREE STORES, INC. ("Dollar Tree"), through undersigned counsel, pursuant to 28 U.S.C. §1446 and Rule 4.02, Local Rules for the Middle District of Florida, hereby removes this action from the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

### BACKGROUND

1. On June 23, 2020, Plaintiff MARIA DEL REFUGIO VAZQUEZ ("Plaintiff") filed a lawsuit in the Sixth Judicial Circuit Court for Pinellas County, Florida, captioned *Maria Del Refugio Vazquez v. Dollar Tree Corporation*, Case No.: 20-003000-CI.

2. On June 24, 2020, Plaintiff's Summons and Complaint were served upon Dollar Tree through its registered agent, along with Plaintiff's Interrogatories to Defendant, Request

for Production to Defendant, and Plaintiff's Notice of Providing Designated E-mail Address.

3. On July 11, 2020, Dollar Tree filed its Answer and Defenses to Plaintiff's Complaint and Notice of Designation of Email Addresses.

4. On July 13, 2020, Dollar Tree filed its Notice of Serving Interrogatories to Plaintiff and Request for Production to Plaintiff and it served its Interrogatories to Plaintiff.

5. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this is a civil matter over which this Court has original jurisdiction because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## AMOUNT IN CONTROVERSY

6. The matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

7. Plaintiff alleges that "[t]his is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs and fees." (Compl. at ¶1). Plaintiff further alleges that she

> Suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, nursing, and hospitalization expenses, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing injury.  The losses are either permanent in nature or continuing and Plaintiff will suffer the losses in the future.

(Compl. at ¶10).

8. In addition, Plaintiff's counsel provided a pre-suit demand letter with documented past medical expenses totaling $51,156.31, and demanded $260,000.00 to settle Plaintiff's claim. Attached hereto as **Composite Exhibit "A"** is a redacted copy of Plaintiff's May 13, 2020, pre-suit demand letter.

9. With the demand letter, Plaintiff's counsel provided a copy of the Final Narrative Report wherein her doctor opined

> I do expect the patient will require future medical interventions including intermittent palliative therapeutic modalities and she will make use of these for significant flare-up. Estimated cost in this regard is between $1500 and $2500 annually.

*Id.*

10. Plaintiff was born January 1973. *Id.* As such, she is currently 47 years old. According to the Social Security Administration's Life Expectancy Calculator online at https://www.ssa.gov/OACT/population/longevity.html, Plaintiff's estimated life expectancy is an additional 37.7 years.

11. Given Plaintiff's estimated life expectancy and according to her doctor's final report, Plaintiff's future medical expenses will range from an estimated $56,550.00 to $94,250.00.

12. Plaintiff has not yet provided details about her loss of earnings and loss of the ability to earn money claims, but her claimed past and future medical expenses – alone – are an estimated **$107,706.31** to **$145,406.31**.

13. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the

Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

14. Although Defendant denies that Plaintiff is entitled to any monetary relief whatsoever, based on this information, Defendant believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs.

15. Defendant's good faith belief is based upon medical treatment information provided by Plaintiff's counsel, Plaintiff's alleged past and future medical expenses, Plaintiff's pre-suit demand, and Plaintiff's allegations in her Complaint.

16. The matter in controversy exceeds the value of $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### DIVERSITY OF CITIZENSHIP

17. The matter in controversy is between citizens of different states.

18. Upon information and belief, Plaintiff is a citizen of Florida. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258. "No single factor is conclusive; rather, the Court looks to the 'totality of the evidence.'" *Turner*, 2007 WL 3104930 at

*4. Though Plaintiff's Complaint does not allege her state of citizenship, the residential address she provided to Dollar Tree on the date of incident was a Florida address, and according to medical records provided to Dollar Tree by Plaintiff, Plaintiff received medical treatment from facilities located in Florida.

19. Dollar Tree is a citizen of the Commonwealth of Virginia. Specifically, Dollar Tree is incorporated in Virginia, and its principal place of business is in Chesapeake, Virginia.[1]

20. At no time material to this action were Plaintiff and Defendant citizens of the same state.

21. The matter in controversy is between citizens of different states. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

## PROCEDURAL COMPLIANCE

22. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State court in this action are attached as **Composite Exhibit "B"**.

23. As required by 28 U.S.C. § 1446(d), written notice of removal of this civil action has been given to Plaintiff and filed with the clerk of court for the Sixth Judicial Circuit Court for Pinellas County, Florida.

---

[1] Plaintiff's Complaint incorrectly alleges that Dollar Tee is a "Florida corporation", which Dollar Tree denied in its Answer and Defenses to Complaint. *See* Ans. and Def. to Compl. at ¶ 2.

## CONCLUSION

WHEREFORE, Defendant Dollar Tree Stores, Inc., notices the removal of the action now pending against it in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (Case No.: 20-003000-CI), to the United States District Court for the Middle District of Florida, Tampa Division, and respectfully requests this Honorable Court to exercise jurisdiction over this matter.

Respectfully submitted
HILL WARD HENDERSON

/s/ Sherilee J. Samuel
Sherilee J. Samuel, (Fla. Bar No. 017499)
sherilee.samuel@hwhlaw.com
Cory J. Person, (Fla. Bar No. 032950)
cory.person@hwhlaw.com
Nicole D. Walsh, (Fla. Bar No. 111961)
nicole.walsh@hwhlaw.com
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
***Attorneys for Defendant Dollar Tree***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing this 23rd day of July, 2020, with the Clerk of the Court by using the CM/ECF system, which will furnish a copy via email to William H. Winters, Esquire, Winters & Yonker, P.A., attorneys for Plaintiff.

/s/ Sherilee J. Samuel
HILL WARD HENDERSON
***Attorneys for Defendant Dollar Tree***