Filing # 109261743 E-Filed 06/23/2020 11:56:30 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Maria Del Refugio Vazquez</u>
 Plaintiff
           vs.
<u>Dollar Tree Stores, Inc.</u>
Defendant

**II.      AMOUNT OF CLAIM**

   Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>99,999,999</u>

**III.      TYPE OF CASE**      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☒ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.    **REMEDIES SOUGHT** (check all that apply):
      ☒ Monetary;
      ☐ Non-monetary declaratory or injunctive relief;
      ☐ Punitive

V.    **NUMBER OF CAUSES OF ACTION:**
      (Specify)

      <u>1</u>

VI.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐ Yes
      ☒ No

VII.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒ No
      ☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒ Yes
      ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ William H Winters</u>
           Attorney or party
FL Bar No.: <u>437263</u>
          (Bar number, if attorney)
          <u>William H Winters</u>
          (Type or print name)
   Date:   <u>06/23/2020</u>

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY CIVIL DIVISION

**MARIA DEL REFUGIO VAZQUEZ,**

      **Plaintiff,**                         **CASE NO.:**

**vs.**

                                        **DIVISION:**

**DOLLAR TREE STORES, INC.**

      **Defendant,**

_____/

## COMPLAINT

Plaintiff, MARIA DEL REFUGIO VAZQUEZ, sues the Defendant, DOLLAR TREE STORES, INC., and shows unto this Honorable Court as follows:

1.      This is a claim for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs and fees.

2.      That the Defendant, DOLLAR TREE STORES, INC. is a Florida corporation.

3.      That on November 23, 2019, Defendant, DOLLAR TREE STORES, INC., was in possession and control of a retail store on Missouri Avenue in Largo, Pinellas County, Florida.

4.      At all times material hereto, Defendant, DOLLAR TREE STORES, INC., invited members of the public into its building to for retail sales consistent with the business purposes of the Defendant, DOLLAR TREE STORES, INC.

5.      That on November 23, 2019, Plaintiff, MARIA DEL REFUGIO VAZQUEZ, as a member of the public, entered the property as an invitee.

6.     At all times material hereto, the Defendant, DOLLAR TREE STORES, INC., negligently allowed a dangerous condition to remain on its premises. The dangerous condition consisted of a wet floor in an aisle of the store. The dangerous condition existed on the Defendant's premises for a sufficient period of time so that the Defendant, by and through its agents, knew or should have known of the dangerous condition.

7.     At no time material hereto did the Defendant, DOLLAR TREE STORES, INC., remove, repair, or remediate the known dangerous condition.

8.     At no time material hereto did the Defendant, DOLLAR TREE STORES, INC., warn or notify the Plaintiff, MARIA DEL REFUGIO VAZQUEZ, of the known dangerous condition.

9.     That the Defendant, DOLLAR TREE STORES, INC., had a duty, by and through its agents, to keep its premises in a reasonably safe condition for the protection of its invitees. The Defendant's failure to use reasonable care caused the Plaintiff, MARIA DEL REFUGIO VAZQUEZ, to slip and fall.

10.    As a result of the negligence of the Defendant, DOLLAR TREE STORES, INC., the Plaintiff, MARIA DEL REFUGIO VAZQUEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, nursing, and hospitalization expenses, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing injury. The losses are either permanent in nature or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, MARIA DEL REFUGIO VAZQUEZ, sues the

Defendant, DOLLAR TREE STORES, INC., and claim damages in excess of THIRTY

THOUSAND DOLLARS ($30,000.00), together with costs and respectfully demands a

trial by jury.

Dated this 23rd day of June, 2020.

WILLIAM H. WINTERS, ESQUIRE
WINTERS & YONKER, P.A.
Post Office Box 3342
Tampa, Florida 33601
(813) 223-6200
(813) 223-6900 fax
Florida Bar#: **437263**
Attorney for Plaintiff

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY CIVIL DIVISION

**MARIA DEL REFUGIO VAZQUEZ,**

      **Plaintiff,**                          **CASE NO.:**

**vs.**

                                                **DIVISION:**

**DOLLAR TREE STORES, INC.**

      **Defendant,**

_____/

### NOTICE OF SERVING INTERROGATORIES TO DEFENDANT

In accordance with the Florida Rules of Civil Procedure, Rule 1.340, the Defendant, DOLLAR TREE STORES, INC., is required to answer in writing and under oath the attached Interrogatories number 1 through 25, within forty five (45) days from the date of service hereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the Defendant with a copy of the Summons and Complaint.

WILLIAM H. WINTERS, ESQUIRE
WINTERS & YONKER, P.A.
Post Office Box 3342
Tampa, Florida 33601
(813) 223-6200
(813) 223-6900 fax
Florida Bar#: **437263**
Attorney for Plaintiff

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY CIVIL DIVISION

**MARIA DEL REFUGIO VAZQUEZ,**

       **Plaintiff,**                     **CASE NO.:**

**vs.**

                                          **DIVISION:**

**DOLLAR TREE STORES, INC.**

       **Defendant,**

### REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, MARIA DEL REFUGIO VAZQUEZ, by and through his undersigned counsel, requests the Defendant, DOLLAR TREE STORES, INC., to produce to said counsel, within forty five (45) days from the date of service hereof, for the purpose of inspection and copying, the matters described in the attached list.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the Defendant with a copy of the Summons and Complaint.

WILLIAM H. WINTERS, ESQUIRE
WINTERS & YONKER, P.A.
Post Office Box 3342
Tampa, Florida 33601
(813) 223-6200
(813) 223-6900 fax
Florida Bar#: **437263**
Attorney for Plaintiff

## ITEMS TO BE PRODUCED

1. Any photographs, videotapes, or other visual representation of the area where Plaintiff allegedly fell that document or otherwise memorialize the presence of any substance or liquid in the area where the Plaintiff allegedly fell. Please indicate whether the photograph(s), videotape(s), or other visual representation(s) were taken before or after the Plaintiff's alleged fall.

2. Any surveillance videotape that documents or records the condition of the area where Plaintiff allegedly fell; whether such videotape was taken before or after Plaintiff's alleged fall.

3. Any surveillance videotape that documents or records the Plaintiff's alleged fall.

4. Any written statement taken from Plaintiff as part of any incident report prepared by Defendant with respect to Plaintiff's alleged fall.

5. Any documents promulgated by Defendant that address or otherwise contain information, directions, instructions or recommendations for employees in the detection, correction, or other remedial measures in the event of the discovery of wet floor in the Defendant's premises.

6. Any written or other documentation memorializing Defendant's policy or procedure for detecting reporting or correcting the presence of wet floors in the Defendant's premises which were in effect on the date of the Plaintiff's alleged fall.

7. Any and all documents or records relating to or concerning remedial measures taken by Defendant with respect to the presence or existence of uneven pavement in the parking lot of the subject premises as alleged in the Complaint.

8. All inspection or incident reports concerning the incident alleged in the Complaint.

9. Any and all documents or records, either paper or electronic, including but not limited to work schedules, time cards, sign-in sheets, sign-out sheets, records of clocking in or out, and/or any other such documents, whether paper or electronic, that memorialize the work schedules or work hours of any employee of Defendant that worked on the date of the accident in question.

10. Any and all recorded statements taken from anyone having knowledge of the incident that is the subject of the Complaint, or personal knowledge of the Plaintiff's medical, physical, or emotional condition.

11.    Names and addresses of any/all independent witnesses with knowledge of the incident that is the subject of the Complaint, or personal knowledge of the Plaintiff's medical, physical, or emotional condition.

12.    Any and all insurance declarations pages, insurance cards, and statements of benefits for insurance policies, which reflect coverage(s) available to the Defendant at the time of the subject incident.

13.    Any and all evidence of Plaintiff "Release" of any elements of damage/injury claimed in the Complaint filed in this matter.

14.    Any and all umbrella insurance policies in effect on the date of the subject accident, covering the defendant involved in said incident.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA IN AND FOR PINELLAS COUNTY
CIVIL DIVISION

**MARIA DEL REFUGIO VAZQUEZ,**

        **Plaintiff,**                                **CASE NO.:**

**vs.**

                                                  **DIVISION:**

**DOLLAR TREE STORES, INC.**

        **Defendant,**

_____/

### PLAINTIFF'S NOTICE OF PROVIDING DESIGNATED E-MAIL ADDRESS

        COME NOW, counsel for the Plaintiff to notify the Court and all attorneys and parties that all Court filings and e-mail communications with Winters & Yonker, PA should be sent to the following email addresses:

        Primary:      service@wintersandyonker.com

### CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that a true and correct copy of the preceding has been served upon the Defendant along with a copy of the Summons and Complaint.

                                        _____
                                        WILLIAM H. WINTERS, ESQUIRE
                                        WINTERS & YONKER, P.A.
                                        Post Office Box 3342
                                        Tampa, Florida 33601
                                        (813) 223-6200
                                        (813) 223-6900 fax
                                        Florida Bar#: **437263**
                                        Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA IN AND FOR PINELLAS COUNTY
CIVIL DIVISION

**MARIA DEL REFUGIO VAZQUEZ,**

       **Plaintiff,**                  **CASE NO.:**

**vs.**

                                 **DIVISION:**

**DOLLAR TREE STORES, INC.**

       **Defendant,**

_____/

### SUMMONS

**THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories, and Request to Produce in this action on the Defendant, **DOLLAR TREE STORES, INC.**

         **By Serving:**    CORPORATION SERVICE COMPANY, Registered Agent
                           1201 HAYS STREET
                           TALLAHASSEE, FL 32301-2525

Each Defendant is required to serve written defenses to the Complaint on the Plaintiff's attorney, whose name and address is: **WILLIAM H. WINTERS, ESQUIRE; 601 West Swann Avenue, Tampa, Florida 33606, Phone (813) 223-6200,** within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of the written defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

                       **IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS HEARING, SHOULD CONTACT A.D.A. COORDINATOR VIA FLORIDA RELAY AT 1-800-955-8770 NOT LATER THAN SEVEN (7) DAYS PRIOR TO THE PROCEEDING.**

DATED ON _____JUN 23 2020_____, 2020.

                        Clerk of the Court

KEN BURKE CLERK CIRCUIT COURT
315 Court Street                  By _Judith Maslar_____
Clearwater, Pinellas County, FL 33756-5165    Deputy Clerk

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA**
**CIVIL DIVISION**

MARIA DEL REFUGIO VAZQUEZ,

      Plaintiff,

                                    CASE NO.:  20-003000-CI

vs.

DOLLAR TREE STORES, INC.,

      Defendant.

_____/

**DEFENDANT DOLLAR TREE STORES, INC.**
**<u>ANSWER AND DEFENSES TO COMPLAINT</u>**

      Defendant, DOLLAR TREE STORES, INC., (hereinafter, "Dollar Tree") by and through

its undersigned counsel, hereby files its Answer to Plaintiff's MARIA DEL REFUGIO

VAZQUEZ Complaint.

**<u>ANSWER</u>**

      In Answer to the correspondingly numbered paragraphs of Plaintiff's Complaint, Dollar

Tree states:

      1.      This is a claim for damages in excess of THIRTY THOUSAND DOLLARS

($30,000.00), exclusive of costs and fees.

**<u>ANSWER</u>**:
**Dollar Tree admits, for jurisdictional purposes only, that Plaintiff has filed an action for**
**damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and fees, but**
**Dollar Tree otherwise denies that it is liable to Plaintiff and denies that Plaintiff is entitled**
**to any monetary award from Dollar Tree.**

      2.      That the Defendant, DOLLAR TREE STORES, INC. is a Florida corporation.

**<u>ANSWER</u>**:
**Denied.**

3.      That on November 23, 2019, Defendant, DOLLAR TREE STORES, INC., was in

possession and control of a retail store on Missouri Avenue in Largo, Pinellas County, Florida.

**ANSWER**:
**Admitted as to 1551 N. Missouri Ave. #124, Largo, FL 33770, but denied that Dollar Tree**
**was in exclusive control of the subject property; otherwise, Dollar Tree denies the**
**allegations contained in paragraph 3 of Plaintiff's Complaint.**

4.      At all times material hereto, Defendant, DOLLAR TREE STORES, INC., invited

members of the public into its building to [sic] for retail sales consistent with the business

purposes of the Defendant, DOLLAR TREE STORES, INC.

**ANSWER**:
**Admitted as to the date in question; otherwise, denied.**

5.      That on November 23, 2019, Plaintiff, MARIA DEL REFUGIO VAZQUEZ, as a

member of the public, entered the property as an invitee.

**ANSWER**:
**Admitted that on the date in question, Plaintiff was an invitee; otherwise, Dollar Tree**
**denies the allegations contained in paragraph 5 of Plaintiff's Complaint.**

6.      At all times material hereto, the Defendant, DOLLAR TREE STORES, INC.,

negligently allowed a dangerous condition to remain on its premises. The dangerous condition

consisted of a wet floor in an aisle of the store. The dangerous condition existed on the

Defendant's premises for a sufficient period of time so that the Defendant, by and through its

agents, knew or should have known of the dangerous condition.

**ANSWER**:
**Denied.**

7.      At no time material hereto did the Defendant, DOLLAR TREE STORES, INC.,

remove, repair, or remediate the known dangerous condition.

**ANSWER**:
**Denied that Dollar Tree knew of a "dangerous condition" on its property on the date in question; and Dollar Tree otherwise denies the allegations contained in paragraph 7 of Plaintiff's Complaint.**

8.      At no time material hereto did the Defendant, DOLLAR TREE STORES, INC.,

warn or notify the Plaintiff, MARIA DEL REFUGIO VAZQUEZ, of the known dangerous

condition.

**ANSWER**:
**Denied that Dollar Tree had knowledge of a "dangerous condition" on its property on the date in question.  Denied that Dollar Tree owed Plaintiff a duty to warn of the alleged dangerous condition; and Dollar Tree otherwise denies the allegations contained in paragraph 8 of Plaintiff's Complaint.**

9.      That the Defendant, DOLLAR TREE STORES, INC., had a duty, by and through

its agents, to keep its premises in a reasonably safe condition for the protection of its invitees.

The Defendant's failure to use reasonable care caused the Plaintiff, MARIA DEL REFUGIO

VAZQUEZ, to slip and fall.

**ANSWER**:
**Admitted that on the date in question, Dollar Tree owed certain duties to its invitees, which duties Dollar Tree satisfied; otherwise, Dollar Tree denies the allegations contained in paragraph 9 of Plaintiff's Complaint.**

10.     As a result of the negligence of the Defendant, DOLLAR TREE STORES, INC.,

the Plaintiff, MARIA DEL REFUGIO VAZQUEZ, suffered bodily injury and resulting pain and

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life,

medical, nursing, and hospitalization expenses, medical and nursing care and treatment, loss of

earnings, loss of the ability to earn money and aggravation of a previously existing injury. The

3

losses are either permanent in nature or continuing and Plaintiff will suffer the losses in the future.

**<u>ANSWER</u>:**
**Denied.**

## <u>DEFENSES</u>

For its additional Defenses to Plaintiff's Complaint, Dollar Tree states:

### <u>First Defense</u>

Pursuant to section 768.81(2), Florida Statutes, Dollar Tree asserts that Plaintiff was, herself, guilty of negligence by failing to exercise reasonable care and failing to keep a proper lookout for her own safety. Further, that Plaintiff's own negligence caused or contributed to the incident in question; thereby, diminishing proportionately any amount awarded as economic and non-economic damages for the alleged injuries attributable to Plaintiff's contributory fault.

### <u>Second Defense</u>

Pursuant to section 768.76(1), Florida Statutes, Dollar Tree asserts that it is entitled to a set-off of all amounts paid for the benefit of Plaintiff or which are otherwise payable to Plaintiff from all collateral sources, for which no right of subrogation or reimbursement exists.

### <u>Third Defense</u>

Dollar Tree asserts that it is entitled to the protections of section 768.0755, Florida Statutes.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

WHEREFORE, Defendant Dollar Tree, hereby demands trial by jury, and requests entry of a judgment in its favor, and any such other and further relief as this Court deems just and equitable.

Respectfully submitted

/s/ Sherilee J. Samuel
Sherilee J. Samuel, (Fla. Bar No. 017499)
sherilee.samuel@hwhlaw.com
Cory J. Person, (Fla. Bar No. 032950)
cory.person@hwhlaw.com
Nicole D. Walsh, (Fla. Bar No. 111961)
nicole.walsh@hwhlaw.com
HILL WARD HENDERSON
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
*Attorneys for Defendant Dollar Tree*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail this 11th day of July, 2020 via the *Florida Courts E-Filing Portal* to William H. Winters, Esquire, Winters & Yonker, P.A., attorneys for Plaintiff, at service@wintersandyonker.com.

/s/ Sherilee J. Samuel
HILL WARD HENDERSON
*Attorneys for Defendant Dollar Tree*

14188626v1                                        5

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA DEL REFUGIO VAZQUEZ,

     Plaintiff,

                                         CASE NO.: 20-003000-CI

vs.

DOLLAR TREE STORES, INC.,

     Defendant.

_____/

## DEFENDANT DOLLAR TREE STORES, INC.'S
## NOTICE OF DESIGNATION OF EMAIL ADDRESSES

Defendant, Dollar Tree Stores, Inc., pursuant to Rule of Judicial Administration

2.516(b)(1)(A) (effective September 1, 2012 as amended on July 26, 2012), hereby designates

the following primary and secondary email addresses:

| | |
|---|---|
| **Sherilee J. Samuel, Esq.:** | sherilee.samuel@hwhlaw.com (primary)<br>kristine.chillura@hwhlaw.com (secondary)<br>elizabeth.meyers@hwhlaw.com (secondary) |
| **Cory J. Person, Esq.:** | cory.person@hwhlaw.com (primary)<br>jill.kuty@hwhlaw.com (secondary) |
| **Nicole Walsh, Esq.:** | nicole.walsh@hwhlaw.com (primary)<br>anna.mukhova@hwhlaw.com (secondary) |

/s/ Sherilee J. Samuel
Sherilee J. Samuel, (Fla. Bar No. 017499)
sherilee.samuel@hwhlaw.com
Cory J. Person, (Fla. Bar No. 032950)
cory.person@hwhlaw.com
Nicole D. Walsh, (Fla. Bar No. 111961)
nicole.walsh@hwhlaw.com

Page 1

HILL WARD HENDERSON
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
*Attorneys for Defendant Dollar Tree*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via e-mail this 11th day of July, 2020 via the *Florida Courts E-Filing Portal* to William H.

Winters, Esquire, Winters & Yonker, P.A., attorneys for Plaintiff, at

service@wintersandyonker.com.

/s/ Sherilee J. Samuel
HILL WARD HENDERSON
*Attorneys for Defendant Dollar Tree*

Page 2

14188635v1

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

MARIA DEL REFUGIO VAZQUEZ,

                Plaintiff,                          CASE NO.: 20-003000-CI

v.

DOLLAR TREE STORES, INC.,

                Defendant.

_____/

**DEFENDANT DOLLAR TREE STORES, INC.'S**
**FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Defendant, Dollar Tree Stores, Inc., through undersigned counsel, and pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests that Plaintiff, Maria Del Refugio Vazquez, produce the following items for inspection and/or copying, said items to be produced at the Offices of Defendant's attorneys located at 101 East Kennedy Boulevard, Suite 3700, Tampa, Florida, within 30 days from the date of service:

1.     Federal Income Tax Returns and W-2 Forms for 2014 through 2019.

2.     Itemized medical bills incurred by Plaintiff as a result of the subject incident.

3.     All written or recorded statements made by any witnesses to the subject incident.

4.     All medical reports rendered by Plaintiff's treating and examining physicians.

5.     A copy of any and all statements (as defined in the Rules of Civil Procedure) concerning this action or the subject matter of this action previously made by the Defendant.

6.     Any and all photographs taken at the scene of the subject incident described in the Complaint which do or might reveal marks, damage or conditions that existed on the date of the subject incident, but which no longer exist at said scene or which probably no longer exist at said scene.

7.     Any property in the possession of the Plaintiff on the date of the subject incident described in the Complaint which was involved in the subject incident and which contain marks

1

or damage as a result of the subject incident, or if such property no longer contains such marks or damage in the same condition as it did on the date of the subject incident, then produce copies of any and all photographs showing marks or damage.

8.      Any and all photographs depicting Plaintiff's claimed injuries and present condition.

9.      Photographs of the shoes worn by Plaintiff at the time of the subject incident.

10.     Any and all documents and or photographs that you contend support Plaintiff's negligence claim.

11.     A copy of any Conditional Payment Letter from Medicaid or Medicare for treatment of injuries alleged to be caused by the subject incident.


                          HILL WARD HENDERSON

                          /s/ Sherilee J. Samuel
                          Sherilee J. Samuel, (Fla. Bar No. 017499)
                          sherilee.samuel@hwhlaw.com
                          Cory J. Person, (Fla. Bar No. 32950)
                          cory.person@hwhlaw.com
                          Nicole D. Walsh, (Fla. Bar No. 111961)
                          nicole.walsh@hwhlaw.com
                          3700 Bank of America Plaza
                          101 East Kennedy Boulevard
                          Tampa, FL 33602
                          Ph. 813.221.3900
                          Fax 813.221.2900

                          *Attorneys for Defendant Dollar Tree Stores, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail this 13th day of July, 2020 via the *Florida Courts E-Filing Portal* to William H. Winters, Esquire, attorney for Plaintiff, at: <u>service@wintersandyonker.com</u>, Winters & Yonker, P.A., P.O. Box 3342, Tampa FL 33601.

<u>/s/ Sherilee J. Samuel</u>
Attorney

14177297v1

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

MARIA DEL REFUGIO VAZQUEZ,

              Plaintiff,                      CASE NO.:  20-003000-CI

v.

DOLLAR TREE STORES, INC.,

              Defendant.

_____/

**DEFENDANT DOLLAR TREE STORES, INC.'S**
**NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF**

       Defendant, Dollar Tree Stores, Inc., through undersigned counsel, pursuant to Rule 1.340,

Florida Rules of Civil Procedure, files its Notice of Serving Interrogatories to Plaintiff Maria Del

Refugio Vazquez, numbered 1 through 27, answers to which shall be due within thirty (30) days

from the date of service.

                             HILL WARD HENDERSON

                             /s/ Sherilee J. Samuel
                             Sherilee J. Samuel, (Fla. Bar No. 017499)
                             sherilee.samuel@hwhlaw.com
                             Cory J. Person, (Fla. Bar No. 32950)
                             cory.person@hwhlaw.com
                             Nicole D. Walsh, (Fla. Bar No. 111961)
                             nicole.walsh@hwhlaw.com
                             3700 Bank of America Plaza
                             101 East Kennedy Boulevard
                             Tampa, FL 33602
                             Ph. 813.221.3900
                             Fax 813.221.2900
                             ***Attorneys for Defendant Dollar Tree Stores, Inc.***

- 1 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail this 13th day of July, 2020 via the *Florida Courts E-Filing Portal* to William H. Winters, Esquire, attorney for Plaintiff, at: service@wintersandyonker.com, Winters & Yonker, P.A., P.O. Box 3342, Tampa FL 33601.

*/s/ Sherilee J. Samuel*
Attorney

## RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of Pinellas | CIVIL Court |

Case Number: 20-003000-CI

PLAINTIFF:
MARIA DEL REFUGIO VAZQUEZ

vs.

DEFENDANT:
DOLLAR TREE STORES, INC.

For:
WILLIAM WINTERS
WINTERS & YONKER, P.A.
601 WEST SWANN AVE
TAMPA, FL 33606

Received by S & W Process Service on the 23rd day of June, 2020 at 2:13 pm to be served on DOLLAR TREE STORES, INC. BY SERVING: CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS STREET, Tallahassee, FL 32301.

I, Christopher Compton, do hereby affirm that on the 24th day of June, 2020 at 12:00 pm, I:

SERVED the within named corporation by delivering a true copy of the SUMMONS; COMPLAINT; NOTICE OF SERVING INTERROGATORIES TO DEFENDANT; INTERROGATORIES TO DEFENDANT; REQUEST FOR PRODUCTION TO DEFENDANT; ITEMS TO BE PRODUCED; PLAINTIFF'S NOTICE OF PROVIDING DESIGNATED E-MAIL ADDRESS with the date and hour of service endorsed thereon by me to: SHEENA BLACK as employee of the Registered Agent (Company) for DOLLAR TREE STORES, INC. BY SERVING: CORPORATION SERVICE COMPANY, REGISTERED AGENT at 1201 HAYS STREET, Tallahassee, FL 32301 and informed said person of the contents therein, pursuant to F.S. 48.081

Description of Person Served: Age: 30, Sex: F, Race/Skin Color: WHITE, Height: 5'5, Weight: 120, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Second Judicial Circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated in it are true. Notary not required pursuant to FL Statute 92.525 Sec (2).

Christopher Compton
Certified Process Server # 101

S & W Process Service
2801 North Florida Ave
Tampa, FL 33602
(800) 294-4638

Our Job Serial Number: SP3-0000296995
Ref: 296995

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1r



Filing # 109261743 E-Filed 06/23/2020 11:56:30 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA IN AND FOR PINELLAS COUNTY
CIVIL DIVISION

MARIA DEL REFUGIO VAZQUEZ,

     Plaintiff,

vs.                                     CASE NO.

                                         DIVISION:

DOLLAR TREE STORES, INC.

     Defendant,

_____/

**SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint,
Interrogatories, and Request to Produce in this action on the Defendant, DOLLAR
TREE STORES, INC.

     By Serving:   CORPORATION SERVICE COMPANY, Registered Agent
                    1201 HAYS STREET
                    TALLAHASSEE, FL 32301-2525

Each Defendant is required to serve written defenses to the Complaint on the Plaintiff's
attorney, whose name and address is: **WILLIAM H. WINTERS, ESQUIRE; 601 West
Swann Avenue, Tampa, Florida 33606, Phone (813) 223-6200**, within twenty (20)
days after service of this Summons upon that Defendant, exclusive of the day of service,
and to file the original of the written defenses with the Clerk of this Court either before
service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a
default will be entered against that Defendant for the relief demanded in the Complaint or
Petition.

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES
ACT, PERSONS NEEDING A SPECIAL ACCOMMODATION TO
PARTICIPATE IN THIS HEARING, SHOULD CONTACT A.D.A.
COORDINATOR VIA FLORIDA RELAY AT 1-800-955-8770
NOT LATER THAN SEVEN (7) DAYS PRIOR TO THE
PROCEEDING.

DATED ON   JUN 23 2020        , 2020.

                              Clerk of the Court

KEN BURKE CLERK CIRCUIT COURT
315 Court Street            By _Judith Moslar_
Clearwater, Pinellas County, FL 33756-5165    Deputy Clerk